IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-2041

OTTER PRODUCTS, LLC, a Colorado
Limited Liability Company,

     Plaintiff,

v.

AIMO WIRELESS, INC., a California
Corporation,

     Defendant.

---

### COMPLAINT AND JURY DEMAND

---

Plaintiff Otter Products, LLC ("OtterBox"), by and through its undersigned attorneys, for its Complaint against Aimo Wireless, Inc. ("Aimo") states as follows:

### PARTIES

1.    Plaintiff OtterBox is a Colorado limited liability company with its principal place of business at 209 S. Meldrum Street, Fort Collins, Colorado 80521.

2.     Upon information and belief, Defendant Aimo Wireless, Inc. is a
California Corporation with a principal place of business at 15230 Valley
Boulevard, City of Industry, California 91746.

<u>**JURISDICTION AND VENUE**</u>

3.     This is a civil action for patent infringement arising under the patent
laws of the United States, 35 U.S.C. § 101, *et seq.*

4.     This court has jurisdiction over the subject matter of this action under
28 U.S.C. § 1338.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391
and 28 U.S.C. § 1400 because Aimo is engaged in the regular, continuous, and
systematic transaction of business in this judicial district, including the
distribution, sale, and/or offer for sale of the following products through its
website: For ZTE Memo A415 Armor 3 in 1 w/Stand, For Sam Galaxy Prevail
Armor Skin+Rubber, For Galaxy S2 i777 Armor Skin+Rubber, For Sam Hercules
T989 Armor, For Sam Admire R720 Armor Skin+Rubber, For Sam Admire R720
Armor 3 in 1 w/Stand, For Sam Epic Touch 4G Armor 3 in 1 w/Stand, For
Skyrocket i727 Armor Skin+Rubber, For Sam Galaxy Nexus Armor Skin+Rubber,
For Mot Droid Razr Armor 3 in 1 w/Stand, For LG VS910/MS910 Skin+Rubber
Armor Hybrid Case, For Revolution/Esteem MS910 Armor Skin+Rubber, For HW
Ascend 2 M865 Armor Skin+Rubber, For Pillar M615/Pinnacle M635 Armor
Skin+Rubber, For HTC Inspire 4G/Desire HD Armor Skin+Rubber, For HTC Evo

4G Armor 3 in 1 w/Stand Skin+Rubber, For HTC Rezound ADR6425 Armor 3 in 1 w/Stand, For BB Curve 8520 8530/Curve 3G Armor Skin+Rubber, For BB Bold Touch 9900/9930 Armor 3 in 1 w/Stand, For BB Bold Touch 9900/9930 Armor Skin+Rubber,  For BB 9860/9850/9570 Armor 3 in 1 w/Stand, For BB 9860/9850/9570 Armor Skin+Rubber, For App iPhone 3G/3GS Armor 3 in 1 w/ Stand, For App iPhone 3G/3GS Armor Skin+Rubber, For App iPhone 4 Armor Skin+Rubber Fish Bone, For App iPhone 4 Armor 3 in 1 w/Stand, For App iPhone 4 Armor Skin+Rubber, For ZTE Score X500/X500M Clip Look Skin, For ZTE Score X500/X500M Perforated Armor Hybrid, For Galaxy S2 i777 Perforated Hybrid 2 in 1, For Sam Infuse 4G i997 Perforated Hybrid 2 in 1, For Sam Hercules T989 Perforated Hybrid 2 in 1, For Sam Admire R720 Perforated Hybrid 2 in 1, For Sam Epic Touch 4G Armor Skin+Rubber, For Skyrocket i727 Perforated Hybrid 2 in 1, For Mot Droid Razr Perforated Hybrid 2 in 1, For Thrill 4G/Optimus 3D Perforated Hybrid 2 in 1, For HTC MyTouch 4G Perforated Armor Hybrid, For BB Curve 8520 8530/Curve 3G Perforated Hybrid 2 in 1, For BB Bold Touch 9900/9930 Perforated Hybrid 2 in 1, For App iPhone 3G/3GS Perforated Hybrid 2 in 1, For App iPhone 4 Hybrid 2 in 1 TPU+Rubber, For App iPod Touch 4 Perforated Hybrid 2 in 1.

## OTTERBOX'S INTELLECTUAL PROPERTY

6.     On April 26, 2011, United States Patent No. 7,933,122 ("the '122 Patent"), entitled "PROTECTIVE ENCLOSURE FOR A COMPUTER," was duly

3

and legally issued to Curtis R. Richardson, Alan Morine, Brian Thomas, Jamie Lee Johnson, and Jason Michael Thompson.  A true and correct copy of the '122 Patent is attached as **Exhibit A**.

7.     The '122 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

8.     By assignment, OtterBox owns all rights, title, and interests in and to the '122 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

9.     On May 11, 2010, United States Patent No. D615,535 ("the '535 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson and Jamie L. Johnson.  A true and correct copy of the '535 Patent is attached as **Exhibit B**.

10.     The '535 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

11.     By assignment, OtterBox owns all rights, title, and interests in and to the '535 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

12.     On May 11, 2010, United States Patent No. D615,536 ("the '536 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson, John H. Loudenslager, Jamie L. Johnson, W. Travis Smith and Alan V. Morine.  A true and correct copy of the '536 Patent is attached as **Exhibit C**.

4

13.     The '536 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

14.     By assignment, OtterBox owns all rights, title, and interests in and to the '536 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

15.     On June 15, 2010, United States Patent No. D617,784 ("the '784 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson and Alan V. Morine.  A true and correct copy of the '784 Patent is attached as **Exhibit D**.

16.     The '784 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

17.     By assignment, OtterBox owns all rights, title, and interests in and to the '784 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

18.     On June 15, 2010, United States Patent No. D617,785 ("the '785 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson, John H. Loudenslager, Jamie L. Johnson and Stephen Willes. A true and correct copy of the '785 Patent is attached as **Exhibit E**.

19.     The '785 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

20.     By assignment, OtterBox owns all rights, title, and interests in and to the '785 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

21.     On August 10, 2010, United States Patent No. D621,394 ("the '394 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson, John H. Loudenslager, Jamie L. Johnson and Stephen Willes.  A true and correct copy of the '394 Patent is attached as **Exhibit F**.

22.     The '394 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

23.     By assignment, OtterBox owns all rights, title, and interests in and to the '394 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

24.     On May 17, 2011, United States Patent No. D638,005 ("the '005 Patent"), entitled "CASE," was duly and legally issued to Curtis Richardson, Jamie Johnson, Alan Morine, Stephen Willes, Cameron Magness.  A true and correct copy of the '005 Patent is attached as **Exhibit G**.

25.     The '005 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

26.     By assignment, OtterBox owns all rights, title, and interests in and to the '005 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

6

27.    On June 15, 2010, United States Patent No. D617,787 ("the '787 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson, John H. Loudenslager, Jamie L. Johnson, Adam Wibby, Jane Dulany.  A true and correct copy of the '787 Patent is attached as **Exhibit H**.

28.    The '787 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

29.    By assignment, OtterBox owns all rights, title, and interests in and to the '787 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

30.    On September 29, 2009, United States Patent No. D600,908 ("the '908 Patent"), entitled "CASE," was duly and legally issued to Curtis R. Richardson and Jamie L. Johnson.  A true and correct copy of the '908 Patent is attached as **Exhibit I**.

31.    The '908 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

32.    By assignment, OtterBox owns all rights, title, and interests in and to the '908 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

33.    On May 31, 2011, United States Patent No. D638,829 ("the '829 Patent"), entitled "CASE," was duly and legally issued to Chris Melanson and

Matthew Glanzer.  A true and correct copy of the '829 Patent is attached as **Exhibit J**.

34.     The '829 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

35.     By assignment, OtterBox owns all rights, title, and interests in and to the '829 Patent, including, without limitation, the right to enforce these patents and collect damages for past infringement.

**FIRST CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. 7,933,122**

36.     OtterBox incorporates by reference paragraphs 1 through 35 as if set forth in their entirety.

37.     Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the following products:  For ZTE Memo A415 Armor 3 in 1 w/Stand, For Sam Galaxy Prevail Armor Skin+Rubber, For Galaxy S2 i777 Armor Skin+Rubber, For Sam Hercules T989 Armor, For Sam Admire R720 Armor Skin+Rubber, For Sam Admire R720 Armor 3 in 1 w/Stand, For Sam Epic Touch 4G Armor 3 in 1 w/Stand, For Sam Epic Touch 4G Armor Skin+Rubber, For Skyrocket i727 Armor Skin+Rubber, For Sam Galaxy Nexus Armor Skin+Rubber, For Mot Droid Razr Armor 3 in 1 w/Stand, For LG VS910/MS910 Skin+Rubber Armor Hybrid Case, For Revolution/Esteem MS910 Armor Skin+Rubber, For HW Ascend 2 M865 Armor Skin+Rubber, For Pillar M615/Pinnacle M635 Armor Skin+Rubber, For HTC Inspire 4G/Desire HD Armor

Skin+Rubber, For HTC Evo 4G Armor 3 in 1 w/Stand Skin+Rubber, For HTC

Rezound ADR6425 Armor 3 in 1 w/Stand, For BB Curve 8520 8530/Curve 3G

Armor Skin+Rubber, For BB Bold Touch 9900/9930 Armor 3 in 1 w/Stand, For

BB Bold Touch 9900/9930 Armor Skin+Rubber, For BB 9860/9850/9570 Armor 3

in 1 w/Stand, For BB 9860/9850/9570 Armor Skin+Rubber, For App iPhone

3G/3GS Armor 3 in 1 w/ Stand, For App iPhone 3G/3GS Armor Skin+Rubber, For

App iPhone 4 Armor 3 in 1 w/Stand.

　　　38.　　Aimo's activities in making, using, selling, and/or offering to sell in

the United States and/or importing into the United States the following products

constitute direct infringement of the '122 Patent, in violation of 35 U.S.C.

§ 271(a): For ZTE Memo A415 Armor 3 in 1 w/Stand, For Sam Galaxy Prevail

Armor Skin+Rubber, For Galaxy S2 i777 Armor Skin+Rubber, For Sam Hercules

T989 Armor, For Sam Admire R720 Armor Skin+Rubber, For Sam Admire R720

Armor 3 in 1 w/Stand, For Sam Epic Touch 4G Armor 3 in 1 w/Stand, For Sam

Epic Touch 4G Armor Skin+Rubber, For Skyrocket i727 Armor Skin+Rubber, For

Sam Galaxy Nexus Armor Skin+Rubber, For Mot Droid Razr Armor 3 in 1

w/Stand, For LG VS910/MS910 Skin+Rubber Armor Hybrid Case, For

Revolution/Esteem MS910 Armor Skin+Rubber, For HW Ascend 2 M865 Armor

Skin+Rubber, For Pillar M615/Pinnacle M635 Armor Skin+Rubber, For HTC

Inspire 4G/Desire HD Armor Skin+Rubber, For HTC Evo 4G Armor 3 in 1

w/Stand Skin+Rubber, For HTC Rezound ADR6425 Armor 3 in 1 w/Stand, For

BB Curve 8520 8530/Curve 3G Armor Skin+Rubber, For BB Bold Touch 9900/9930 Armor 3 in 1 w/Stand, For BB Bold Touch 9900/9930 Armor Skin+Rubber, For BB 9860/9850/9570 Armor 3 in 1 w/Stand, For BB 9860/9850/9570 Armor Skin+Rubber, For App iPhone 3G/3GS Armor 3 in 1 w/ Stand, For App iPhone 3G/3GS Armor Skin+Rubber, For App iPhone 4 Armor 3 in 1 w/Stand.

39.    Aimo's infringement of the '122 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

40.    Aimo's infringement of the '122 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

**SECOND CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. D615,535**

41.    OtterBox incorporates by reference paragraphs 1 through 40 as if set forth in their entirety.

42.    Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 4 Armor Skin+Rubber Fish Bone and For App iPhone 4 Armor Skin+Rubber.

43.    Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 4 Armor Skin+Rubber Fish Bone and For App iPhone 4 Armor Skin+Rubber

10

constitute direct infringement of the '535 Patent, in violation of 35 U.S.C.
§ 271(a).

44.     Aimo's infringement of the '535 Patent has caused and will continue
to cause damage to OtterBox in an amount to be determined at trial.

45.     Aimo's infringement of the '535 Patent has caused and will continue
to cause irreparable injury to OtterBox as to which there exists no adequate remedy
at law.  Defendants' infringement will continue unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF
### Infringement of U.S. Patent No. D615,536

46.     OtterBox incorporates by reference paragraphs 1 through 45 as if set
forth in their entirety.

47.     Aimo is making, using, selling, and/or offering to sell in the United
States and/or importing into the United States the For Thrill 4G/Optimus 3D
Perforated Hybrid 2 in 1, For Mot Droid Razr Perforated Hybrid 2 in 1, and For
App iPhone 3G/3GS Perforated Hybrid 2 in 1.

48.     Aimo's activities in making, using, selling, and/or offering to sell in
the United States and/or importing into the United States the For Thrill
4G/Optimus 3D Perforated Hybrid 2 in 1, For Mot Droid Razr Perforated Hybrid 2
in 1, and For App iPhone 3G/3GS Perforated Hybrid 2 in 1 constitute direct
infringement of the '536 Patent, in violation of 35 U.S.C. § 271(a).

49.     Aimo's infringement of the '536 Patent has caused and will continue
to cause damage to OtterBox in an amount to be determined at trial.

50.     Aimo's infringement of the '536 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

**FOURTH CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. D617,784**

51.     OtterBox incorporates by reference paragraphs 1 through 50 as if set forth in their entirety.

52.     Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 3G/3GS Armor Skin+Rubber and For App iPhone 4 Armor Skin+Rubber.

53.     Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 3G/3GS Armor Skin+Rubber and For App iPhone 4 Armor Skin+Rubber constitute direct infringement of the '784 Patent, in violation of 35 U.S.C. § 271(a).

54.     Aimo's infringement of the '784 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

55.     Aimo's infringement of the '784 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF
## Infringement of U.S. Patent No. D617,785

56.     OtterBox incorporates by reference paragraphs 1 through 55 as if set forth in their entirety.

57.     Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For Sam Admire R720 Perforated Hybrid 2 in 1.

58.     Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For Sam Admire R720 Perforated Hybrid 2 in 1 constitute direct infringement of the '785 Patent, in violation of 35 U.S.C. § 271(a).

59.     Aimo's infringement of the '785 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

60.     Aimo's infringement of the '785 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

## SIXTH CLAIM FOR RELIEF
## Infringement of U.S. Patent No. D621,394

61.     OtterBox incorporates by reference paragraphs 1 through 60 as if set forth in their entirety.

62.     Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For Sam Infuse 4G i997 Perforated Hybrid 2 in 1, For Sam Hercules T989 Perforated Hybrid 2 in 1, For

13

HTC MyTouch 4G Perforated Armor Hybrid, For BB Curve 8520 8530/Curve 3G Perforated Hybrid 2 in 1, For BB Bold Touch 9900/9930 Perforated Hybrid 2 in 1, and For App iPod Touch 4 Perforated Hybrid 2 in 1.

63.     Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For Sam Infuse 4G i997 Perforated Hybrid 2 in 1, For Sam Hercules T989 Perforated Hybrid 2 in 1, For HTC MyTouch 4G Perforated Armor Hybrid, For BB Curve 8520 8530/Curve 3G Perforated Hybrid 2 in 1, For BB Bold Touch 9900/9930 Perforated Hybrid 2 in 1, and For App iPod Touch 4 Perforated Hybrid 2 in 1 constitute direct infringement of the '394 Patent, in violation of 35 U.S.C. § 271(a).

64.     Aimo's infringement of the '394 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

65.     Aimo's infringement of the '394 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

<u>SEVENTH CLAIM FOR RELIEF</u>
<u>Infringement of U.S. Patent No. D638,005</u>

66.     OtterBox incorporates by reference paragraphs 1 through 65 as if set forth in their entirety.

67.     Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 4 Perforated Hybrid 2 in 1.

14

68.    Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 4 Perforated Hybrid 2 in 1 constitutes direct infringement of the '005 Patent, in violation of 35 U.S.C. § 271(a).

69.    Aimo's infringement of the '005 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

70.    Aimo's infringement of the '005 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court

### EIGHTH CLAIM FOR RELIEF
### Infringement of U.S. Patent No. D617,787

71.    OtterBox incorporates by reference paragraphs 1 through 70 as if set forth in their entirety.

72.    Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For ZTE Score X500/X500M Perforated Armor Hybrid, For Galaxy S2 i777 Perforated Hybrid 2 in 1, For Sam Hercules T989 Perforated Hybrid 2 in 1, and For Skyrocket i727 Perforated Hybrid 2 in 1.

73.    Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For ZTE Score X500/X500M Perforated Armor Hybrid, For Galaxy S2 i777 Perforated Hybrid 2 in 1, For Sam Hercules T989 Perforated Hybrid 2 in 1, and For Skyrocket i727

Perforated Hybrid 2 in 1 constitute direct infringement of the '787 Patent, in violation of 35 U.S.C. § 271(a).

74.     Aimo's infringement of the '787 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

75.     Aimo's infringement of the '787 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

**NINTH CLAIM FOR RELIEF**
**Infringement of U.S. Patent No. D600,908**

76.     OtterBox incorporates by reference paragraphs 1 through 75 as if set forth in their entirety.

77.     Aimo's making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For ZTE Score X500/X500M Clip Look Skin.

78.     Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For ZTE Score X500/X500M Clip Look Skin constitute direct infringement of the '908 Patent, in violation of 35 U.S.C. § 271(a).

79.     Aimo's infringement of the '908 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

80.    Aimo's infringement of the '908 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

## TENTH CLAIM FOR RELIEF
## Infringement of U.S. Patent No. D638,829

81.    OtterBox incorporates by reference paragraphs 1 through 80 as if set forth in their entirety.

82.    Aimo is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 4 Hybrid 2 in 1 TPU+Rubber.

83.    Aimo's activities in making, using, selling, and/or offering to sell in the United States and/or importing into the United States the For App iPhone 4 Hybrid 2 in 1 TPU+Rubber constitute direct infringement of the '829 Patent, in violation of 35 U.S.C. § 271(a).

84.    Aimo's infringement of the '829 Patent has caused and will continue to cause damage to OtterBox in an amount to be determined at trial.

85.    Aimo's infringement of the '829 Patent has caused and will continue to cause irreparable injury to OtterBox as to which there exists no adequate remedy at law.  Defendants' infringement will continue unless enjoined by this Court.

## DEMAND FOR JURY TRIAL

86.    OtterBox hereby requests a trial by jury.

17

## PRAYER FOR RELIEF

WHEREFORE, OtterBox prays as follows on all claims:

A.    For a temporary restraining order, and preliminary and permanent injunctions enjoining and restraining Aimo, and all related entities or persons acting in concert with them, from manufacturing, selling, or offering for sale the following products: For ZTE Memo A415 Armor 3 in 1 w/Stand, For Sam Galaxy Prevail Armor Skin+Rubber, For Galaxy S2 i777 Armor Skin+Rubber, For Sam Hercules T989 Armor, For Sam Admire R720 Armor Skin+Rubber, For Sam Admire R720 Armor 3 in 1 w/Stand, For Sam Epic Touch 4G Armor 3 in 1 w/Stand, For Skyrocket i727 Armor Skin+Rubber, For Sam Galaxy Nexus Armor Skin+Rubber, For Mot Droid Razr Armor 3 in 1 w/Stand, For LG VS910/MS910 Skin+Rubber Armor Hybrid Case, For Revolution/Esteem MS910 Armor Skin+Rubber, For HW Ascend 2 M865 Armor Skin+Rubber, For Pillar M615/Pinnacle M635 Armor Skin+Rubber, For HTC Inspire 4G/Desire HD Armor Skin+Rubber, For HTC Evo 4G Armor 3 in 1 w/Stand Skin+Rubber, For HTC Rezound ADR6425 Armor 3 in 1 w/Stand, For BB Curve 8520 8530/Curve 3G Armor Skin+Rubber, For BB Bold Touch 9900/9930 Armor 3 in 1 w/Stand, For BB Bold Touch 9900/9930 Armor Skin+Rubber, For BB 9860/9850/9570 Armor 3 in 1 w/Stand, For BB

9860/9850/9570 Armor Skin+Rubber, For App iPhone 3G/3GS
Armor 3 in 1 w/ Stand, For App iPhone 3G/3GS Armor Skin+Rubber,
For App iPhone 4 Armor Skin+Rubber Fish Bone, For App iPhone 4
Armor 3 in 1 w/Stand, For App iPhone 4 Armor Skin+Rubber, For
ZTE Score X500/X500M Clip Look Skin, For ZTE Score
X500/X500M Perforated Armor Hybrid, For Galaxy S2 i777
Perforated Hybrid 2 in 1, For Sam Infuse 4G i997 Perforated Hybrid 2
in 1, For Sam Hercules T989 Perforated Hybrid 2 in 1, For Sam
Admire R720 Perforated Hybrid 2 in 1, For Sam Epic Touch 4G
Armor Skin+Rubber, For Skyrocket i727 Perforated Hybrid 2 in 1,
For Mot Droid Razr Perforated Hybrid 2 in 1, For Thrill 4G/Optimus
3D Perforated Hybrid 2 in 1, For HTC MyTouch 4G Perforated
Armor Hybrid, For BB Curve 8520 8530/Curve 3G Perforated Hybrid
2 in 1, For BB Bold Touch 9900/9930 Perforated Hybrid 2 in 1, For
App iPhone 3G/3GS Perforated Hybrid 2 in 1, For App iPhone 4
Hybrid 2 in 1 TPU+Rubber, For App iPod Touch 4 Perforated Hybrid
2 in 1.

B.  For an award of OtterBox's damages as appropriate under the patent
laws of the United States, comprising:

   (i)    Lost profits, in an amount to be ascertained at trial;

   (ii)   A reasonable royalty, in an amount to be ascertained at trial;

C.     For its reasonable attorneys' fees and costs; and

D.     For such other and further relief as the Court deems just and proper.


DATED: August 3, 2012                    TURNER BOYD LLP

                                         */s/ Anna Lam*
                                         **Anna Lam**
                                         Karen I. Boyd
                                         Rachael Lamkin
                                         James W. Beard
                                         lam@turnerboyd.com
                                         boyd@turnerboyd.com
                                         lamkin@turnerboyd.com
                                         beard@turnerboyd.com

                                         2570 W. El Camino Real, Suite 380
                                         Mountain View, CA 94040
                                         Telephone:   (650) 521-5930
                                         Facsimile:   (650) 521-5931

                                         *Attorneys for Otter Products, LLC,
                                         d/b/a OtterBox*